UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHNNY L. GRUBBS, JR.,

       Petitioner,

v.                                         CASE NO. 6:10-cv-1447-Orl-31DAB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

       Respondents.
_____

**ORDER**

       Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 9).  Although given an opportunity to file a reply, Petitioner has not done so.

       Petitioner alleges two claims for relief.  However, as discussed hereinafter, the Court finds that the petition is untimely and must be denied.

## I. *Procedural History*

       Petitioner was charged with two counts of DUI manslaughter-failure to give aid (counts one and two), one count of DUI with serious bodily injury (count three), and two

counts of vehicle homicide-failure to give aid (counts four and five) (App. A).  The State entered a nolle prosequi with respect to count three (App. B at 24).  After a jury trial on the remaining counts, Petitioner was convicted of the lesser included offenses of DUI manslaughter for counts one and two, and of the lesser included offenses of vehicular homicide for counts three and four (App. E).  The trial court set aside the convictions for counts three and four because they were subsumed within counts one and two (App. F at 4-5). Petitioner was sentenced to concurrent 20.5-year terms of imprisonment (App. G). Petitioner appealed, and while his appeal was pending, filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) (App. H & I).  The trial court denied the Rule 3.800(b)(2) motion (App. J).  On December 26, 2006, the Fifth District Court of Appeal affirmed *per curiam* (App. M).

On January 9, 2009,[1] Petitioner filed a Rule 3.850 motion for post-conviction relief (App. O).  The trial court summarily denied the motion on January 25, 2010 (App. Q). Petitioner appealed, and on August 17, 2010, the Fifth District Court of Appeal affirmed *per curiam* (App. S).  Mandate was issued on September 8, 2010 (App. T).  Petitioner filed his federal habeas petition on September 22, 2010 (Doc. No. 1).

## II.    *Petitioner's Habeas Corpus Petition Is Untimely*

---

[1] This is the filing date under the "mailbox rule."  *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

Pursuant to 28 U.S.C. § 2244:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

    (A)   the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the state appellate court entered its *per curiam* affirmance of Petitioner's convictions and sentences on December 26, 2006.  Petitioner then had ninety days, or through March 26, 2007, to petition the Supreme Court of the United States for a writ of certiorari.  *See* Sup. Ct. R. 13.[2]  Thus, under § 2244(d)(1)(A), the judgment of

---

[2] Rule 13 provides as follows:

conviction became final on March 26, 2007, and Petitioner had through March 26, 2008, absent any tolling, to file a federal habeas petition. The instant petition was filed on September 22, 2010, under the mailbox rule. Because the one-year statute of limitations ran on March 26, 2008, Petitioner's habeas corpus petition was not timely filed.

The Court is aware that Petitioner filed a Rule 3.850 motion for post-conviction relief on January 9, 2009. However, because the one-year period expired before Petitioner initiated that action, the tolling provision of section 2244(d)(2) does not apply. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, the instant federal habeas corpus petition was not timely filed and must be denied.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically address herein

---

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

have been found to be without merit.

## III.   *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).   To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Secretary Department of Corrections*, 568 F.3d 929, 934 (11th Cir. 2009).   When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934.   However, a prisoner need not show that the appeal will succeed.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that jurists of reason would find this Court's procedural rulings debatable.  Petitioner has failed to make a substantial showing of the denial of a constitutional right.  The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.       The Petition for Writ of Habeas Corpus filed by Johnny L. Grubbs (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.  The Clerk of the Court

5

shall enter judgment accordingly.

2.     Petitioner is **DENIED** a certificate of appealability.

3.     The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 3rd day of January, 2012.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 1/3
Counsel of Record
Johnny L. Grubbs